Heffernan, J.
(dissenting in part). I concur in the opinion of Mr. Justice Bergah only insofar as it recommends that the application to dismiss the appeal should be denied.
I dissent from the view of the majority that the claim should be dismissed. The record contains ample evidence to justify the decision under review. On that aspect of the case we are dealing with a pure question of fact. We have no authority to reweigh the evidence and that is just what this court is now about to do.
The accident and injuries are not contested. Claimant had been working as a butcher for the employer for a period of approximately eight years. Due to a meat shortage the employer’s plant was not in operation during the week ending Friday, September 27, 1946. Friday was the regular payday and claimant and the other butchers came to the employer’s premises on that day to receive their pay for the work performed the preceding week. Claimant testified that on the morning of that day he had a telephone conversation with one Fleischer, the president of the company, and was instructed by the latter to come to the company’s offices to discuss problems *708 relating to the work which would be resumed the following Monday. Claimant further testified that he arrived at the employer’s offices at 3:00 p.m. and received his pay and then waited for Fleischer who arrived about 4:00 p.m. Claimant and Fleischer had some discussion about working activities for the following wéek. After the departure of Fleischer claimant went into a lavatory and remained there about fifteen minutes. Upon leaving the premises between four fifteen and four thirty claimant slipped on the stairway and sustained the injuries for which he seeks compensation. His testimony in many respects is corroborated by coemployees.
Some suggestion is made that claimant was intoxicated and had unduly loitered on the premises after receiving his pay.
By a divided vote the board reversed the decision of the referee who disallowed the claim. Even the dissenting member of the board concedes that only questions of fact are involved. The majority of the board held that the proof was insufficient to establish that claimant was intoxicated or that he unnecessarily delayed his exit from the premises. The board had the right to believe this testimony and we are not warranted in substituting our judgment for that of the triers of the facts.
In the case before us claimant was lawfully on the employer’s premises for the purpose of collecting wages due him and to discuss with the employer’s representative matters pertaining to future working arrangements. His acts were reasonable incidents of his employment and the law protects him against injuries received on the employer’s premises.
The decision appealed from which directs an award in favor of claimant should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Brewster and Coon, JJ., concur with Bergan, J.; Heffernan, J., dissents, in a memorandum.
Decision and award reversed, on the law, and claim dismissed, with costs against the Workmen’s Compensation Board.